# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**IBERIABANK, a Louisiana banking corporation, as successor in interest to Century Bank, FSB,**

    **Plaintiff,**

**v.**                                                                                **Case No. 8:12-cv-2872-T-30MAP**

**DAER HOLDINGS, LLC, a Florida corporation, et al.,**

    **Defendants.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Plaintiff's Motion to Dismiss or Motion for a More Definite Statement with respect to the affirmative defenses asserted by Defendant Douglas N. Menchise, as Chapter 7 Trustee of the bankruptcy estate of Terri L. Steffen ("Trustee") (Dkt. 65). The Trustee failed to file a response to Plaintiff's motion and the time for doing so has passed. The Court, having reviewed the Trustee's affirmative defenses, Plaintiff's motion, and being otherwise advised in the premises, concludes that Plaintiff's motion should be granted in part.

This is a foreclosure action initiated by Plaintiff Iberiabank.[1] Iberiabank moves to dismiss the Trustee's affirmative defenses (Dkt. 57 at ¶ 102-105). In the alternative, Iberiabank requests a more definite statement.

Affirmative defenses included in an answer are a pleading which must provide "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." *Wright v. Southland Corp.,* 187 F.3d 1287, 1303 (11th Cir.1999). Under Fed. R. Civ. P. 12(f), "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

A defense which simply points out a defect or lack of evidence in a plaintiff's case is not an affirmative defense. *See In re Rawson Food Service, Inc.,* 846 F.2d 1343, 1349 (11th Cir. 1988). However, when a specific denial is labeled as an affirmative defense, a court will generally treat the defense as a denial and the proper remedy is not to strike the defense but to treat it as a specific denial. *See F.D.I.C. v. Bristol Home Mortg. Lending, LLC,* 2009 WL 2488302, at *3 (S.D. Fla. Aug. 23, 2009).

The Trustee's defenses alleged at paragraphs 102-104 amount to special denials. These defenses attack the veracity of Iberiabank's claims; in other words, they merely point

---

[1] Iberiabank asserts claims for, among other things, breach of a promissory note, to foreclose a mortgage securing that note, and to collect on personal guarantees of the loan.

out a defect or a lack of evidence in Iberiabank's case.[2] Accordingly, these defenses will be treated as special denials and Iberiabank's motion to strike them is therefore denied.

The Trustee's defense alleged at paragraph 105 argues that Iberiabank has "unclean hands". The doctrine of unclean hands is an "equitable remedy which allows the court to deny a party affirmative equitable relief by a court of equity on the ground that [the] conduct has been inequitable, unfair, dishonest, fraudulent or deceitful as to the controversy in issue." *See Leeward v. Galaxy Cable, Inc.*, 2006 WL 2868928, at *6 (M.D. Fla. Oct. 6, 2006) (citations omitted). "A defendant asserting unclean hands as a defense must demonstrate that plaintiff's wrongdoing was directly related to the claim asserted in the complaint and that defendant was personally injured by plaintiff's conduct." *Id.* It is insufficient under Rule 8 to merely assert that a party has "unclean hands" without supporting facts. *Id.*

The Trustee does not include sufficient facts to put Iberiabank on fair notice of the affirmative defense of unclean hands. Accordingly, Iberiabank's motion is granted to the extent that the Trustee must amend this affirmative defense to provide a more definite statement of the facts.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion to Dismiss or Motion for a More Definite Statement with respect to the affirmative defenses asserted by Defendant Douglas N.

---

[2] For example, the Trustee disputes the truth of Iberiabank's allegation that the subject property is "owned and possessed by Daer [Holdings, LLC]", challenges the authenticity of the Verification attached to the Verified Complaint, and argues that the loan documents were ineffective to create or perfect a lien.

      Menchise, as Chapter 7 Trustee of the bankruptcy estate of Terri L. Steffen ("Trustee") (Dkt. 65) is granted in part and denied in part.

2. The defenses listed in paragraphs 102-104 will be treated as special denials.

3. The affirmative defense of unclean hands, alleged in paragraph 105, is stricken. The Trustee may amend this defense within fourteen (14) days of this Order to provide a more definite statement of the facts.

**DONE** and **ORDERED** in Tampa, Florida on March 13, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2012\12-cv-2872.mtstrike65.wpd