**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**IBERIABANK, a Louisiana banking corporation, as successor in interest to Century Bank, FSB,**

    **Plaintiff,**

v.　　　　　　　　　　　　　　　　　　　　　Case No.  8:12-cv-2872-T-30MAP

**DAER HOLDINGS, LLC, et al.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon the Receiver, Robert Melsom's, motion and request for instruction (Dkt. 75).  Plaintiff Iberiabank filed a notice of joinder in the Receiver's motion (Dkt. 76).  Notably, no other party has filed a response to the Receiver's motion, and the response deadline has now passed.  Upon consideration of the Receiver's motion, and being otherwise advised in the premises, the Court concludes that the motion should be granted to the extent that the Court orders Terri L. Steffen, and all other persons residing in the subject property, to vacate the subject property by Friday, May 3, 2013.

## DISCUSSION

On January 9, 2013, the Court issued an order granting the appointment of Robert Melsom, as a receiver of the subject property, a 32,000 square foot mansion located at 16229 Villarreal, De Avila, Tampa, Florida 33613, which is encumbered by multi-million dollar federal tax liens in addition to the multi-million dollar mortgage liens held by Plaintiff

Iberiabank (Dkt. 25).  The receivership order provides that the "Receiver may seek instructions and additional authority from the Court . . ." (Dkt. 25 at ¶ Z).  The receivership order also requires the Receiver to, among other things, secure the subject property and "terminate and deny[] access to the [subject property] by any representative, employee, and/or agent of Borrowers without [the] Receiver's express authorization and supervision, and to take such action to remove or evict any occupants of the [subject property]" *Id.* at ¶ V.2.

The Receiver's motion states that *pro se* Defendant Terri L. Steffen is occupying the subject property.  The Receiver contends that he provided Steffen a written demand to vacate the subject property by February 25, 2013, but Steffen has refused to vacate the subject property.  Steffen's answer, counterclaim and crossclaim (Dkt. 53) allege that she has the right to occupy the subject property under some form of management agreement with the owner of the subject property, Defendant Daer Holdings, LLC.  Steffen claims that under this agreement, she has a right to six months' notice prior to losing her possession rights.

The Court concludes that Steffen's pleading demonstrates that she is not a tenant under Florida law; rather, Steffen is residing at the subject property as Daer's employee or agent.  Importantly, the receivership order specifically directed Daer's agents to cooperate with the Receiver and enjoined them from "interfering in any manner with the management of the [subject property], or its possession or operation by the Receiver" (Dkt. 25 at ¶ E).  To

the extent that the Receiver's duties impact Steffen's agreement with Daer, Steffen may pursue any claim she may have for breach of contract against Daer.[1]

It is therefore ORDERED AND ADJUDGED that:

1. The Receiver, Robert Melsom's, motion and request for instruction (Dkt. 75) is granted to the extent stated herein.

2. **Terri L. Steffen and any other person residing in the subject property, including, but not limited to, any friends or family members, are hereby ordered to vacate the subject property ( located at 16229 Villarreal, De Avila, Tampa, Florida 33613) by Friday, May 3, 2013.  Failure to vacate the subject property by Friday, May 3, 2013, will be deemed a contempt of this Court.**

**DONE** and **ORDERED** in Tampa, Florida on April 3, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2012\12-cv-2872.vacateorder.frm

---

[1] Notably, to date, Daer has not filed an answer to Steffen's claim against it.