## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**IBERIABANK, a Louisiana banking
corporation, as successor in interest to
Century Bank, FSB,**

    **Plaintiff,**

v.                                                    **Case No.  8:12-cv-2872-T-30MAP**

**DAER HOLDINGS, LLC, et al.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Avila Property Owners Association, Inc.'s motion to compel Receiver (Dkt. 83) and the Receiver's response to same (Dkt. 86). Plaintiff Iberiabank filed a notice of joinder in the Receiver's response (Dkt. 88). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

## DISCUSSION

On January 9, 2013, the Court issued an order granting the appointment of Robert Melsom, as a receiver of the subject property, a 32,000 square foot mansion located at 16229 Villarreal, De Avila, Tampa, Florida 33613, which is encumbered by multi-million dollar federal tax liens in addition to the multi-million dollar mortgage liens held by Plaintiff Iberiabank (Dkt. 25). The Receivership Order charges the Receiver with paying "the normal,

ordinary, and necessary operating expenses of the Property" and taking "reasonable actions to ensure that it complies with all laws applicable to the operation of the Property as provided under any laws of the United States, the State of Florida, and otherwise." *Id.* The Receivership Order also empowers the Receiver to borrow funds from Plaintiff Iberiabank for the payment of operating expenses related to the property. *Id.*

The instant motion, filed by Defendant Avila Property Owners Association, Inc. ("Avila") argues that the Receivership Order and Florida law require the Receiver to pay the Avila subdivision assessments. Avila states that the property has not paid any assessments since March 2010 and that, since the entry of the Receivership Order, Avila has received no payments from the Receiver for any of the assessments which are due.

In response, the Receiver contends that Florida law does not provide any authority on this issue. Specifically, Fla. Stat. § 720.3085(2)(a) provides in relevant part that a "*parcel owner*, regardless of how his or her title to the property has been acquired, including by purchase at a foreclosure sale or by deed in lieu of foreclosure, is liable for all assessments that come due while he or she is the parcel owner." (emphasis added). A "parcel owner" is defined as the "record owner of legal title to a parcel." Fla. Stat. § 720.301(12). The Receiver points out that he is not the owner of legal title to the property and that Defendant Daer Holdings, LLC ("Daer") is still the owner of the property. As such, the Receiver has no legal obligation under Florida law to pay assessments for the property; these assessments are currently Daer's obligation. The Receiver also states that the property does not currently generate any revenue or income and Iberiabank has declined to lend funds to the Receiver

to pay the assessments to Avila. Thus, Avila's motion fails to provide any legal basis for the entry of an order compelling the Receiver to pay the assessments.

The Court agrees that there is no legal basis to compel the Receiver to pay the assessments owed to Avila. Notably, the Receiver's obligation to pay the normal, ordinary, and necessary operating expenses of the property is "[s]ubject to the availability of funds in the receivership estate . . ." (Dkt. 25 at ¶M). It appears undisputed that funds are not available to pay the assessments and that Iberiabank refuses to lend the necessary funds to the Receiver. Thus, the Receiver is under no legal obligation to pay the funds.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Avila Property Owners Association, Inc.'s motion to compel Receiver (Dkt. 83) is DENIED without prejudice to Avila to raise this issue again if the property generates income in the future.

**DONE** and **ORDERED** in Tampa, Florida on April 26, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2012\12-cv-2872.mtcompelreceiver83.frm