# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**IBERIABANK, a Louisiana banking corporation, as successor in interest to Century Bank, FSB,**

    **Plaintiff,**

v.                                               Case No.  8:12-cv-2872-T-30MAP

**DAER HOLDINGS, LLC, a Florida corporation, et al.,**

    **Defendants.**

_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendant Terri Steffen's Motion for Remand (Dkt. 157)[1] and the Parties' Responses to same (Dkt. Nos. 167-170).  Upon review of the motion, responses, and being otherwise advised in the premises, the Court denies the motion for remand.

Steffen's motion for remand is premised on the recent settlement reached between Plaintiff Iberiabank and Defendant the United States (the "IRS").  Steffen is correct that the sole basis for the Court's jurisdiction is Iberiabank's addition of the IRS as a party to this action.  However, Steffen's characterization of the settlement is inaccurate because the settlement does not remove the IRS as a party to this action.  The settlement notice states, "[t]he United States and Iberiabank agree that a judgment of foreclosure shall be entered and that the subject real property shall be sold free and clear of all liens with the sale proceeds

---

[1] Defendants Daer Holdings, LLC and Michael Peters filed a notice of joinder in Steffen's motion for remand (Dkt. 164).

distributed in accordance with the term of the settlement." (Dkt. 156). As Iberiabank and the IRS point out, the settlement assumes that the Court will ultimately enter a judgment of foreclosure of all liens and interests junior to the Bank's liens, including the IRS' liens, and contemplates that the IRS will remain a defendant through the entry of final judgment.

Notably, the Court may not ultimately enter a judgment of foreclosure as the settlement anticipates. In other words, the settlement is contingent on the Court resolving the case in Iberiabank's favor. Until that occurs, the IRS remains a party. And even if the Court enters judgment in Iberiabank's favor, the IRS would need to remain a party to this action to seek an order of sale (in concert with Iberiabank).

Simply put, the IRS remains a defendant in this case. Thus, the Court's basis for jurisdiction remains unchanged. Also, had the settlement somehow resolved all federal law issues, the Court would still have the option to retain supplemental jurisdiction. This case is set for a March 2014 jury trial and Iberiabank's summary judgment motion is ripe for the Court's disposition. Thus, even if the Court were relieved of its jurisdiction, it would be prejudicial to remand this action to the state court in light of the advanced stage of this case.

It is therefore **ORDERED AND ADJUDGED** that Defendant Terri Steffen's Motion for Remand (Dkt. 157) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on December 19, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2012\12-cv-2872.denyremand.wpd